UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ARMANDO GÓMEZ-ORTIZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1032 (JAF)

(Crim. No. 09-061-01)

**OPINION AND ORDER**

Petitioner Armando Gómez-Ortiz ("Gómez") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed. (Docket No. 1.) The United States opposes his motion. (Docket No. 3.) Because this petition is time-barred, we lack jurisdiction and must dismiss the petition.

**I.**

**Background**

On February 11, 2009, Gómez was indicted for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and for aiding and abetting in the possession of a machine gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii) and Section 2. (Crim. No. 09-061.) On May 4 and 5, 2009, Gómez was tried before a jury and convicted on both counts. (Crim. No. 09-061, Docket Nos. 44, 48, 49.) On August 11, 2009, we sentenced him to sixty-three (63) months as to count one and to three-hundred sixty (360) months as to count two, to be served consecutively, for a total imprisonment term of four-hundred twenty-three (423) months. We also sentenced Gómez to supervised release of four years as to count one and five years as to count two, to be served concurrently, and to a monetary assessment. Finally, we sentenced him

to forfeiture of any firearms and ammunitions involved or used in the commission of the offense. (Crim. No. 09-061, Docket Nos. 63, 65.)

On August 18, 2009, Gómez notified the court that he was pursuing an appeal. (Crim. No. 09-061, Docket No. 69.) On appeal, he argued that the evidence was insufficient to convict him on either count; that the government committed a <u>Brady</u> violation; and that we erred in instructing the jury as to the firearm count. <u>U.S. v. Alverio-Melendez</u>, 640 F.3d 412, 416 (1st Cir. 2011). On April 1, 2011, the First Circuit affirmed his conviction. <u>Id.</u> On January 15, 2013, Gómez filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket No. 1.) On February 28, 2013, the government filed a response in opposition. (Docket No. 3.) On March 19, 2013, Gómez filed a supplemental motion and a supplemental memorandum of law. (Docket Nos. 5, 6.)

## II.

## **Jurisdiction**

We do not have jurisdiction to hear this case pursuant to 28 U.S.C. § 2255. Gómez is currently in federal custody having been sentenced by this District Court. However, to file a timely motion, Gómez had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final on the last day that he could have filed a petition for a writ of certoriari, which was ninety days after the entry of the court of appeals' judgment. SUP. CT. R. 13(1); <u>Clay v. United States</u>, 537 U.S. 522 (2003). The First Circuit issued a mandate on April 27, 2011; therefore, his judgment became final on July 26, 2011. (Crim. No. 09-061, Docket No. 90). Gómez had only until July 26, 2012, to file a petition under 28 U.S.C. § 2255. Because he did not file this motion until January 15, 2013, the petition is time-barred and we lack jurisdiction. Therefore, the petition is denied.

### III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Gómez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Gómez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

### IV.

### Conclusion

For the foregoing reasons, we hereby **DENY** Gómez's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Gómez is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of January, 2014.

                                                              S/José Antonio Fusté
                                                              JOSE ANTONIO FUSTE
                                                              U. S. DISTRICT JUDGE